EMMA B. ELMGREN *vs.* ANDREW J. ELMGREN.

PROVIDENCE—MAY 6, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Divorce. Vacating Judgment. Fraud.*

Where a divorce was granted as a result of a false affidavit of petitioner
as to the residence of the wife, the wife not being implicated therein,
the decree will be set aside as a fraud upon the court.

PETITION seeking to vacate a decree of divorce heretofore
entered.

PER CURIAM. The respondent filed a petition for divorce in
this court June 6, 1896, to which he appended his affidavit that
he had no information or belief as to the residence of his wife,
now the petitioner, or where she could be found; that when
he last heard of her she was at Hartford, Connecticut, and
that he had written letters and made inquiries to find her.

Upon this affidavit notice was given by publication.

A decree of divorce was entered April 6, 1897.

It is now shown that the parties were married in Middletown, Connecticut; that he left her in that place about nine years ago, about two years before he filed his petition, and that his wife and children remained in the same house for about six years thereafter. He also had a brother living in the same place.

(1)     The court finds that the affidavit was false and a fraud upon the court. As held in *State* v. *Watson*, 20 R. I. 354, whenever a judgment, in divorce or other proceeding, is obtained by the fraud of the party in whose favor it is rendered, and the other party is not implicated therein, the judgment will be vacated.

The petition is granted, and the decree of divorce, entered April 6, 1897, upon the petition of said Andrew J. Elmgren, is set aside and declared void.